United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joby Aquino, and others, Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 20-20090-Civ-Scola |
| ) | |
| BT's On the River, LLC and others, ) | |
| Defendants. ) | |

## **Omnibus Order**

This matter is before the Court on the Defendants' three motions to compel arbitration of claims made by eight of the ten Plaintiffs alleged to have signed agreements requiring them to arbitrate their claims. (Def.'s Mots., ECF Nos. 28, 57, 60.) Over the course of several weeks, several plaintiffs opted-in to this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). As new plaintiffs joined the action, the Defendants filed new motions to compel. The Defendants' first motion to compel arbitration applies to Joby Aquino, Summer Gilbert, Krystal Penney, Merlin Luzardo, and Paige Hewett. (ECF No. 28; Apr. 14, 2020 Berger Decl., ECF No. 45-1.) The Defendants' second motion to compel applies to Kenia Cantalapiedra and, again, those claims brought by Merlin Luzardo. (ECF No. 57; May 11, 2020 Berger Decl., ECF No. 58-1.) The Defendants' third motion to compel applies to Adina Minott and Lysuanis Taylor. (ECF No. 60; May 14, 2020 Berger Decl., ECF No. 60-1.) Plaintiffs Annychristina Downs and Jarnise Barbour Taylor are not the subject of any motion to compel, and Tequila Ramey previously dismissed her claims.

The parties raised virtually identical arguments with respect to all three motions to compel. The thrust of the Plaintiffs' opposition is that the parties' agreements to arbitrate (collectively, the "Agreements") are unconscionable and unenforceable because they unlawfully restrict the Plaintiffs' rights to recover costs and attorneys' fees under the FLSA. With respect to only the first motion to compel arbitration, the Plaintiffs argued that the Defendants failed to establish the existence of an arbitration agreement because the first motion to compel arbitration did not authenticate the enclosed agreement. For the reasons explained below, the Court **grants** the motions (**ECF Nos. 28, 57, 60**).

### I. Factual Background

All of the Plaintiffs in this action are current or former exotic dancers who worked at Booby Trap on the River in Miami, Florida. (ECF No. 1 at 3.) The Plaintiffs each signed materially identical copies of a "Dancer Performance Lease

Agreement" that purports to govern their relationships with the Defendants. In response to the Defendants' motions to compel arbitration, the Plaintiffs argued that the Agreements are unconscionable. (*See* ECF No. 33 at 5.) In particular, the Plaintiffs challenge Section 14 of the Agreement, which provides:

> ANY CONTROVERSY, DISPUTE, OR CLAIM . . . ARISING OUT OF THIS [AGREEMENT] . . . SHALL BE EXCLUSIVELY DECIDED BY BINDING ARBITRATION HELD PERSUANT TO THE FEDERAL ARBITRATION ACT ("THE FAA"), AND SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD, SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 14, ANY RELIEF AVAILABLE IN COURT. . . . THE COST OF ARBITRATION SHALL BE BORNE EQUALLY BY THE ENTERTAINER AND THE CLUB UNLESS THE ARBITRATOR CONCLUDES THAT A DIFFERENT ALLOCATION IS REQUIRED BY LAW. THE ARBITRATOR SHALL HAVE THE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE VALIDITIY AND/OR ENFORCEABILITY OF ANY PART OF THE LEASE, INCLUDING THESE ARBITRATION PROVISIONS. . . .

(ECF No. 28 at 2-3.) Regarding attorneys' fees and costs, the Agreement provides:

> THE COST OF ARBITRATION SHALL BE BORNE EQUALLY BY THE ENTERTAINER AND THE CLUB UNLESS THE ARBITRATOR CONCLUDES THAT A DIFFERENT ALLOCATION IS REQUIRED BY LAW.
>
> * * *
>
> TO THE EXTENT ALLOWED AND PERMITTED BY LAW, ALL PARTIES AGREE THAT THEY SHALL BE RESPONSIBLE FOR THEIR OWN LEGAL FEES FOR ANY COURT ACTION AND ARBITRATION PROCEEDING IN ORDER TO ENFORCE ANY OF THE TERMS OF THIS AGREEMENT, TO HOLD ANY OF THE PROVISIONS OF THIS AGREEMENT NULL AND VOID OR UNENFORCEABLE OR TO HAVE THE NATURE OF THE RELATIONSHIP BETWEEN THE PARTIES BE RECLASSIFIED FROM ONE BEING LESSOR/LESSEE. ALL PARTIES AGREE THAT THEY WILL WAIVE ANY STATUTORY PROVISIONS OR CASE LAW RULINGS REQUIRING THE OTHER PARTY TO PAY FOR AN ATTORNEY'S FEES OR COSTS . . . .

(ECF No. 33 at 7-8.) The Defendants provided declarations from Gregg Berger, a Defendant and the Operating Partner of BT's on the River, LLC. The Berger Declarations state, upon personal knowledge and review of BT's on the River, LLC's business records, that all of the Agreements put in the record in this case were signed by each of the Plaintiffs and maintained in their files on the company's server, "together with copies of their photo identification" in the ordinary course of business. (ECF No. 45-1 at 2.)

## II. Legal Standard

The Federal Arbitration Act ("FAA") governs the validity of an arbitration agreement. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (citation omitted). The FAA "embodies a liberal federal policy favoring arbitration agreements." *Id.* (internal quotations omitted). The FAA provides that a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* (internal quotations and citations omitted).

## III. Analysis

The Plaintiffs oppose the motions to compel arbitration for two reasons. First, with respect to only the first motion, the Plaintiffs argue that the Agreements are unenforceable because they were not authenticated. Second, the Plaintiffs argue that the Agreements are unenforceable because they are procedurally and substantively unconscionable under Florida state law. The Court addresses these two arguments in turn and concludes that they do not warrant denial of the motions to compel arbitration.

### A. The Arbitration Agreements Were Authenticated.

The Defendants' first motion to compel arbitration enclosed copies of the Agreements that were purportedly signed by five of the Plaintiffs, but none of those Agreements were authenticated. (ECF No. 28.) After the Plaintiffs responded to the motion and raised the authentication issue, the Defendants filed an affidavit authenticating the Agreements. (Apr. 14, 2020 Berger Decl., ECF No. 45-1.) Under Florida law, the party seeking to compel arbitration has the burden of proving "offer, acceptance, consideration and sufficient specification of essential terms . . . by a preponderance of the evidence." *Schoendorf v. Toyota of Orlando*, 2009 WL 1075991, at *6 (M.D. Fla. Apr. 21, 2009) (citing *St. Joe Corp. v. McIver,* 875 So.2d 375, 381 (Fla. 2004)).

The Court finds that the Agreements were adequately (albeit belatedly) authenticated. First, after the authentication issue was raised, the Defendants

filed the Berger Declaration, which authenticated the Agreements. The Plaintiffs did not seek leave to file a surreply to dispute the declaration. Second, the Berger Declaration filed in support of the first motion to compel is materially identical to the two timely-filed declarations made by Mr. Berger in support of the second and third motions to compel. With respect to the latter two motions, the Plaintiffs raised no authentication issue and effectively conceded the issue. Third, the Plaintiffs do not actually dispute that they signed the Arbitration Agreements. On the contrary, they argue that they did sign the Arbitration Agreements. Their real concern is that "the circumstances under which [they] signed the 'Lease Agreement' were" unconscionable, which the Court turns to next. In sum, the Defendants ultimately came forward with an unrebutted declaration authenticating the Agreements, which the Plaintiffs concede that they signed.

### B. The Arbitration Agreements Are Not Unconscionable.

The parties dispute whether the arbitration provision is unconscionable and therefore unenforceable. (ECF No. 33 at 5.) Whether an arbitration provision is unconscionable is a question of state law and therefore the provision is interpreted according to state law rules of contract construction. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1219 (11th Cir. 2007). Florida law requires a "showing of *both* procedural and substantive unconscionability" to invalidate a contract. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1134 (11th Cir. 2010) (emphasis in original). The Plaintiffs' unconscionability argument fails on both the substantive and the procedural prongs of the two-part analysis.

a. *Substantive Unconscionability*

The Plaintiffs failed to satisfy the substantive prong of the unconscionability analysis because the offending contract terms are severable. Substantive unconscionability is demonstrated by showing that "the terms of the contract are unreasonable and unfair." *Powertel, Inc. v. Bexeley*, 743 So.2d 570, 574 (Fla. 1st DCA 1999). To determine substantive unconscionability, courts consider "whether the disputed terms limit available remedies, exclude punitive damages, prevent equitable relief, impose substantial costs, or lack mutuality of obligation with respect to the arbitration of disputes." *E.E.O.C. v. Taco Bell of Am., Inc.*, 2007 WL 809660, at *1 (M.D. Fla. Mar. 15, 2007) (citing *Palm Beach Motor Cars Ltd., Inc. v. Jeffries*, 885 So.2d 990, 992 (Fla. 4th DCA 2004)). An arbitration provision may be unenforceable if it "preclude[s]" the plaintiff "from effectively vindicating his federal statutory right in the arbitral forum." *Musnick v. King Motor Co. of Ft. Lauderdale,* 325 F.3d 1255, 1259 (11th Cir. 2003).

The Court agrees that the Agreements "den[y] basic statutory rights under the FLSA to guaranteed attorneys' fees and costs" if the Plaintiffs prevail. (ECF No. 33 at 7.) The offensive terms in the contract identified by the Plaintiffs appear in paragraphs 14 and 15, which provide, in part, that "all parties agree that they will waive any statutory provisions or case law rulings requiring the other party to pay for an attorney's fees or costs associated with any litigation involving this contract or any arbitration involving the same." (ECF No. 33 at 7-8.) Such waivers plainly run afoul of the Plaintiffs' statutory rights under the FLSA to attorneys' fees and costs. But the analysis does not end there.

The Plaintiffs rely heavily on *Hudson v. P.I.P., Inc.*, 793 F. App'x 935 (11th Cir. 2019), which held that a clause in an arbitration agreement "providing that each party will pay its own fees and costs is unenforceable, as the FLSA allows fees and costs as part of a plaintiff's award." *Id.* at 937. However, *Hudson*, which the Defendants failed to address, actually supports the Defendants' position. In that case, the trial court "concluded that because the arbitration provisions did not provide for severability, the arbitration provisions were unenforceable in their entirety." *Id.* at 937. But the Court held that "if a provision is not enforceable, then the court must determine whether the unenforceable provisions are severable." *Id.* at 938. Thus, *Hudson* stands for the proposition that an agreement to arbitrate that contains unenforceable provisions is nevertheless enforceable if those provisions can be severed from the rest of the contract.

The Court now considers whether the offending terms are severable. The Agreements in this case do contain a severability clause that allows the Court to sever the offending terms and enforce the rest of the provision requiring arbitration. Specifically, the Agreements provide:

> 16. Severability. In the event any provision or part of this Lease shall be held to be invalid or unenforceable, according to its terms by any court or tribunal having jurisdiction over Lessor, Lessee or the subject matter of this Lease, such holding shall not affect the validity of any other provisions of this Lease, which shall remain in effect notwithstanding the invalidity of any such provisions.

(ECF No. 44 at 9.) Under these circumstances, where "the offensive terms are severable," "the court must compel arbitration according to the remaining, valid terms of the parties' agreement." *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331 (11th Cir. 2005).

But before severing the unenforceable provision, the Court must first make sure that the unenforceable provision does not go to the "essence" of the parties' agreement. *Local No. 234 of United Ass'n of Journeymen & Apprentices of*

*Plumbing & Pipefitting Indus. of U.S. & Canada v. Henley & Beckwith, Inc.*, 66 So. 2d 818, 821-22 (Fla. 1953). The revised agreement must still contain valid promises by both parties and a court must make this determination "by a fair construction of the terms and provisions of the contract." *Id.* at 822. Even treating all of the complained-of provisions as unenforceable, the Court finds that parties still have a valid agreement to arbitrate and, more broadly, the various other terms of the Agreements still contain promises by both parties. As the briefing on these motions has foreshadowed a dispute concerning whether the Plaintiffs are employees or independent contractors, the Court underscores that this severability analysis has found only a mutuality of obligations and nothing more. The Court makes no judgment as to the legal nature of the relationship between the Plaintiffs and the Defendants.

    b. *Procedural Unconscionability*

The Plaintiffs' procedural unconscionability arguments are unpersuasive as they are not supported by evidence. The procedural component of unconscionability relates to the manner in which the contract was entered, and it involves consideration of such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms. *Dorward v. Macy's Inc.*, No. 2:10-CV-669-FTM-29, 2011 WL 2893118, at *5 (M.D. Fla. July 20, 2011) (citing *Pendergast*, 592 F.3d at 1135). The procedural unconscionability analysis requires courts to look to: (1) the manner in which the contract was entered into; (2) the relative bargaining power of the parties and whether the complaining party had a meaningful choice at the time the contract was entered into; (3) whether the terms were merely presented on a take-it-or-leave-it basis; (4) the complaining party's ability and opportunity to understand the disputed terms of the contract. *Id.* The "central question" is "whether the consumer has an absence of meaningful choice in whether to accept the contract terms." *Pendergast*, 592 F.3d at 1135 (citing *Belcher v. Kier,* 558 So.2d 1039, 1042 (Fla. 2d DCA 1990). Finally, when assessing procedural and substantive unconscionability, "a balancing approach is employed allowing one prong to outweigh another provided that there is at least a modicum of the weaker prong." *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1159 (Fla. 2014).

The Court has already determined that the entirety of the problematic substantive terms identified by the Plaintiffs may be severed pursuant to the severability clause. Accordingly, there is not so much as "a modicum" of substantive unconscionability left in the Agreement, and the Court need not weigh the procedural unconscionability prong. *See Basulto,* 141 So. 3d at 1159. Nevertheless, the Court notes that the Plaintiffs failed to show procedural unconscionability. First, they put forth no evidence, by declaration or otherwise,

to show procedural unconscionability. In *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278 (Fla. 4th DCA 2003), the Fourth District reversed the trial court's finding of procedural unconscionability because "the evidence was insufficient as a matter of law to permit the finding that the [contract] is a 'contract of adhesion.'" *Id.* at 285. The evidence here is not insufficient, it is nonexistent. The Plaintiffs argue that the Agreements are "rife with internal inconsistencies, incomplete terms, and grammar and spelling so poor that some terms are nonsensical" and "they was [sic] given a narrow window of time" in which to decide whether to accept it. (ECF No. 33 at 3.) Other than this generalized complaint made in a legal brief, the Plaintiffs do not actually point to any grammatical, spelling, or other issues at all, much less any issues that would be material to procedural unconscionability. The same issues plague their unsupported argument that the Agreements were presented on a take-it-or-leave-it basis and their brief does not detail the purported "narrow window of time" that the Plaintiffs had to consider the terms.

### IV.  Conclusion

Having determined that all of the offending provisions identified by the Plaintiffs are severable, and in the absence of any evidence of procedural unconscionability, the Court must now compel arbitration and stay this case. *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1032 (11th Cir. 2003) ("Because any invalid provisions are severable, the underlying claims are to be arbitrated regardless of the validity of the remedial restrictions.").

Accordingly, the Court **grants** the Defendants' motions to compel arbitration of the claims brought by Joby Aquino, Summer Gilbert, Krystal Penney, Merlin Luzardo, Paige Hewett, Kenia Cantalapiedra, Adina Minott, and Lysuanis Taylor (**ECF Nos. 28, 57, 60**); and the Court **stays** this matter respect to those specific plaintiffs only. In light of the Court's Order essentially removing eight of the ten plaintiffs from litigating before this Court, the Defendants and Plaintiffs Annychristina Downs and Jarnise Barbour Taylor, who were not subject to the motions to compel arbitration, shall file a second proposed scheduling order by **July 28, 2020**. Additionally, the Defendants must file a status report on or before October 21, 2020, and every 90 days thereafter, updating the Court as to the status of the arbitration.

**Done and ordered**, at Miami, Florida, on July 21, 2020.

_____
Robert N. Scola, Jr.
United States District Judge