United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joby Aquino, and others, Plaintiffs, ) | |
| ) | |
| v.  ) | Civil Action No. 20-20090-Civ-Scola |
| ) | |
| BT's On the River, LLC and others, ) | |
| Defendants.  ) | |

### Order

This matter is before the Court upon the Defendants' "partially unopposed" fourth motion to compel arbitration on the basis that some of the plaintiffs in this action have signed agreements requiring them to arbitrate their claims. (Defs.' Mot., ECF No. 94.) Over the course of several months, multiple plaintiffs opted-in to this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). As new plaintiffs joined the action, the Defendants filed new motions to compel. For that reason, the Court has already resolved three prior motions to compel arbitration and the Defendants have now filed a new, fourth motion to compel arbitration as to Plaintiffs Annychristina Downs and Jasniury Cabrera only. The only remaining plaintiff who apparently did not sign an arbitration agreement is Jarnise Barbour Taylor, who has not been the subject of any motion to compel arbitration. Rather, Ms. Taylor's claims are the subject of a pending motion to dismiss. (Defs.' Mot. to Dismiss, ECF No. 107.)

The Defendants' fourth motion to compel arbitration is based on materially identical facts and arguments raised in the prior three motions to compel. In response to the instant motion, the Plaintiffs filed a "partial non-opposition" nearly two weeks after the response deadline. (ECF No. 106.) The Defendants did not reply and the time to do so has passed. As an initial matter, the Plaintiffs' failure to timely respond to the motion is sufficient grounds for the Court to grant the motion. S.D. Fla. L.R. 7.1(c)(1). However, the Court will grant the motion in part and along the lines requested by the Plaintiffs in their belated opposition.

Specifically, when the Court granted the Defendants' prior three motions to compel arbitration, it first found that the arbitration agreements contained certain terms that were unconscionable under Florida law. *See Aquino v. BT's on the River, LLC*, No. 20-20090-CIV, 2020 WL 4194477 (S.D. Fla. July 21, 2020) (Scola, J.). The Court then found that those terms could be severed under the present facts and then, after severing those unconscionable terms,

the Court proceeded to compel arbitration. The Court agrees with the Plaintiffs' request that the Court take the same approach with respect to the fourth motion to compel. (Pls.' Resp., ECF No. 106 at 2.) Thus, the Court hereby compels arbitration of the claims made by Annychristina Downs and Jasniury Cabrera, and severs from their arbitration agreement those terms purporting to deny their statutory rights under the FLSA to attorneys' fees and costs, as well as the clause providing that each party will pay its own fees and costs in contravention of the FLSA. Accordingly, the Court **grants in part** the motion to compel arbitration (**ECF No. 94**) for the reasons set forth herein and in more detail in the Court's July 21, 2020 Omnibus Order granting the prior three motions to compel and severing the offending terms (Order, ECF No. 88). The parties shall continue comply with the status report requirements set forth in the July 21, 2020 Omnibus Order.

   **Done and ordered**, at Miami, Florida, on October 5, 2020.

_____
Robert N. Scola, Jr.
United States District Judge