United States District Court

for the

Southern District of Florida

| | |
|---|---|
| Joby Aquino, and others, Plaintiffs, )<br>)<br>v.            )<br>)<br>BT's On The River, LLC and others, )<br>Defendants.        ) | Civil Action No. 20-20090-Civ-Scola |

### Order Granting in Part and Denying in Part Motion to Dismiss

This matter is before the Court upon the motion to dismiss filed on behalf of all of the Defendants—BT's on the River, LLC, BTs North Inc., Booby Trap, Inc., Phillip Gori, P.T.G. Entertainment, Inc., Gregg Berger, B&G Opa Land Holdings, LLC, The Gori Family Limited Partnership, PG Investments I, Inc., PG Investments II, Inc., and Does 1 through 10 (collectively, the "Defendants")—seeking dismissal of various Counts in Plaintiff Jarnise Barbour Taylor's first amended complaint. (Defs.' Mot., ECF No. 107; Pl.'s Compl. (the "complaint"), ECF No. 99.) Although the complaint was filed on behalf of both Plaintiff Taylor and Plaintiff Jasniuary Cabrera, Plaintiff Cabrera's claims have since been compelled to arbitration and the Court's analysis applies solely to Plaintiff Taylor who is the only remaining Plaintiff before this Court.

The Plaintiff's complaint seeks damages from the Defendants for allegedly "evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ('FLSA'), illegally absconding with Plaintiff's tips and demanding illegal kickbacks including in the form of 'House Fees.'" (ECF No. 99 at ¶1.) In the motion to dismiss, the Defendants argue that the complaint should be dismissed in its entirety as to all of the "entity Defendant[s] other than [Defendant] BT's on the River, LLC." (ECF No. 107 at 2.) The motion further argues that Counts III, IV, V, and VI should be dismissed as to all of the entity Defendants, including BT's on the River, LLC. (*Id.*) The Defendants are not moving to dismiss Counts I and II as to BT's on the River, LLC. (*Id.* at 1, n.2.) The Plaintiff responded to the motion (Pl.'s Resp., ECF No. 108) and the Defendants have filed a reply (Defs.' Reply, ECF No. 109). After careful consideration, the Court **grants in part** and **denies in part** the Defendants' motion to dismiss (**ECF No. 107**).

### 1. Background[1]

The Plaintiff is an exotic dancer who alleges that she was employed "by [the] Defendants" in 2018 and 2019 "at Booby Trap on the River," a tradename of BT's on the River, LLC, and that the Defendants failed to comply with applicable labor standards with respect to her compensation. (*Id.* at ¶3.) BT's on the River, LLC, is located in Miami-Dade County at 3615 NW S. River Drive, Miami, FL 33142. (*Id.* at ¶6.) Some of the Defendant-entities are based in Broward County and in the City of Doral. (*Id.* at ¶¶12-13, 15, 17-20.) Nevertheless, the Plaintiff alleges that all of the Defendants, who make up what appears to be an adult entertainment conglomerate of individuals and separate legal entities, were collectively her "joint employer" under the FLSA. (*Id.*) This compensation dispute culminated in the commencement of this action on January 9, 2020. (ECF No. 1.) On May 14, 2020, a Consent to Sue Form was filed on behalf of the Plaintiff (ECF No. 59) and her Statement of Claim was filed on June 4, 2020 (ECF No. 72). The Defendants responded to the Statement of Claim on June 5, 2020, and, on August 14, 2020, the Plaintiff filed her first amended complaint. (ECF No. 99.)

The complaint seeks damages against the Defendants due to the Defendants' purported evasion of the mandatory minimum wage and overtime provisions of the FLSA and the Florida Constitution's minimum wage provision, illegally absconding with the Plaintiff's tips and demanding illegal kickbacks including in the form of "House Fees." (ECF No. 99 at ¶1.) The complaint does not allege that the Plaintiff provided any of the Defendants with pre-suit notice or that the Defendants were afforded an opportunity to resolve this dispute before the lawsuit commenced.

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*,

---

[1] The Court accepts the Plaintiff's factual allegations as true for the purposes of evaluating the Defendants' motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

#### a. Counts I and II Fail as to All Defendants Except the Individual Defendants and BT's on the River, LLC

The Defendants' first argument is that Counts I and II should be dismissed as to all entity defendants, other than BT's on the River, LLC, because they are not adequately alleged to be "joint employers" under the FLSA. (ECF No. 107 at 2.) "The FLSA provides that an employer is 'any person acting directly or indirectly in the interest of an employer in relation to an employee . . . .'" *Oreilly v. Art of Freedom Inc.*, No. 17-21251-CIV, 2018 WL 3350317, at *4 (S.D. Fla. July 9, 2018) (Williams, J.) (citing 29 U.S.C. §203(d)). "'[T]o employ' means 'to suffer or to permit to work.'" *Id.* (citing 29 U.S.C. §203(d)) "To determine employment status, courts 'must evaluate the economic realities of the individual case rather than rely upon traditional common law principles.'" *Id.* (citing *Beck v. Boce Group, L.C.*, 391 F. Supp. 2d 1183, 1186 (S.D. Fla. 2005) (Cooke, J.)). "Courts in the Eleventh Circuit consider the following factors to determine whether joint employment exists: (1) the nature

and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) the preparation of payroll and the payment of wages; (6) the ownership of the facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities." *Id.* (citing *Downie v. BF Weston, LLC*, Case No. 16-cv-60348, 2016 WL 6876493 at *2 (S.D. Fla. Nov. 17, 2016) (Bloom, J.)).

The parties do not dispute that BT's on the River, LLC, employed the Plaintiff, but they do dispute whether the other entity Defendants were her "joint employer." The Defendants begin by pointing out that the Plaintiff alleges to have worked in only one location, BT's on the River, LLC, doing business as "Booby Trap on the River," which is a club located at 3615 NW S. River Drive in Miami, Florida. The Plaintiff does not allege how, for example, Defendant Booby Trap, Inc., which operates a club in Pompano Beach, Florida, employed her.

The Plaintiff argues that the joint employer determination is premature at this stage and that she has adequately alleged that all of the entity Defendants were her joint employer. The Court's analysis of the Plaintiff's argument begins with the threshold question of whether the complaint adequately alleges a joint employer relationship among the entity defendants. In response to the motion to dismiss, the Plaintiff's memorandum of law avers that the amended complaint contains allegations that "the Defendants"—that is, all of the Defendants—(1) "exerted operational and management control over Plaintiffs, including day-to-day management"; (2) "owned, directed and managed the operations of the Booby Trap clubs"; (3) had the authority to hire and fire employees" and "direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts and had the authority to make decisions regarding employee compensation and capital expenditures"; and (4) "were responsible for determining whether the Booby Trap clubs complied with the FLSA." (ECF No. 108 at 4.) While these allegations, attributed to *all of the Defendants* in the response brief, support the legal conclusion that the Defendants were "joint employers," there is one problem: In the complaint itself, these allegations are attributed *only to the individual Defendants*. Specifically, the complaint alleges that "Gori and Berger," not all of the Defendants (including all entity Defendants), engaged in the conduct specifically described above. (ECF No. 99 at ¶21.) The Court cannot credit this material expansion from Phillip Gori and Gregg Berger only (as alleged in the complaint) to all Defendants (as argued in the response brief) because "Plaintiffs cannot amend the complaint via a

response to a motion to dismiss." *Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, No. 20-23060-CIV, 2020 WL 5292049, at *3 (S.D. Fla. Sept. 3, 2020) (Scola, J.) (citation and alteration omitted).

As the detailed allegations showing an employee-employer relationship are not attributed to all of the entity defendants, the complaint contains mere legal conclusions to support the argument that all entity Defendants, other than BT's on the River, LLC, were "joint employers" of the Plaintiff for FLSA purposes. Accordingly, the Court need not reach the question of whether the "joint employer" relationship dispute is best reserved for summary judgment. The allegations are insufficient to carry Count I and II to the summary judgment stage as against the entity Defendants other than BT's on the River, LLC.

### b. Counts III, IV, and V Are Not Cumulative of Count I

The Defendants argue that the FLSA provides for only two causes of action: one for minimum wages and another for overtime wages. As such, they have moved to dismiss Counts III, IV, and V on the basis that they are not recognized as causes of action under the FLSA. Specifically, Count III is for unlawful taking of tips in violation of 29 U.S.C. § 203; Count IV is for illegal kickbacks in violation of 29 C.F.R. § 531.35; and Count V is for forced tip sharing in violation of 29 C.F.R. § 531.35. The Defendants argue that these are theories of FLSA liability, but not separate causes of action recognized under the FLSA.

The Plaintiff argues that the third, fourth, and fifth counts are all distinct as they pertain to the Defendants' different conduct in handling the Plaintiff's tips, as the Defendants took tips from the Plaintiff in different forms—as fees, fines, charges, forced tip-sharing, or kickbacks. (ECF No. 108 at 4.) The Court agrees with the Plaintiff that these counts are adequately pled and not duplicative because they apply to factually different conduct. Moreover, the Plaintiff may plead in the alternative at this stage of the proceedings. Fed. R. Civ. P. 8(d)(2).

### c. Count VI Fails to Allege the Prerequisite Notice Under Fla. Stat. 448.110(6)

Count VI alleges that the Defendants violated Article 10, Section 24 of the Florida Constitution, which constitutionally guarantees a minimum wage. The parties dispute whether that provision of the Florida Constitution is self-executing. The Defendants argue that Article X, Section 24 is not self-executing, and that it must be read in conjunction with the Florida Minimum Wage Act ("FMWA"). Fla. Stat. § 448.110. The FMWA contains a pre-suit notice

requirement as a precondition to any suit seeking to enforce the minimum wage guarantee under the Florida Constitution. As the Defendants point out, Count VI of the complaint fails to allege compliance the FMWA's pre-suit notice requirement and, therefore, the Defendants argue that the Plaintiff cannot maintain a minimum wage claim under the Florida Constitution. (ECF No. 107 at 8.)

The Plaintiff argues that the FMWA's pre-suit notice requirement is unconstitutional. (ECF No. 108 at 9-10.) Relying exclusively upon cases from the Middle District of Florida, the Plaintiff argues that the FMWA's pre-suit notice requirement is unconstitutional because it "imposes an additional requirement beyond that required under" Article X, Section 24. (*Id.* at 9 (quoting *Throw v. Republic Enterprise Systems, Inc.*, No. 8:06-cv-724-T-30TBM, 2006 WL 1823783, at *2 (M.D. Fla. June 30, 2006)).) *Throw* and other Middle District cases following it have held that a plaintiff may state a minimum wage claim directly and entirely under the Florida Constitution itself. (ECF No. 108 at 9-10 (collecting cases).) The Court notes that in relying on these cases from a different jurisdiction for the major proposition that the pre-suit notice requirement is unconstitutional, it appears that the Plaintiff went out of her way to avoid apprising the Court of a wealth of fully analogous cases from the Southern District of Florida (and cases from the Middle District) that hold the exact opposite.

In response to the Plaintiff's argument that the FMWA's pre-suit notice provision is unconstitutional, the Defendants point to several cases from the Southern District of Florida and the Middle District that have held that the pre-suit notice provision is indeed constitutional and failure to comply therewith is grounds for dismissal with prejudice. (ECF No. 109 at 4-5.) The Court is persuaded by the reasoning of the cases that uphold the pre-suit notice provision. Specifically, those cases reason that "any person alleging a violation of Fla. Const. art. X, § 24, must do so through the lens of the FMWA because the Florida Constitution does not create an independent constitutional right to bring suit to recover unpaid minimum wages." *Montes v. M&M Mgmt. Co.*, No. 15-80142-CIV, at *6 (S.D. Fla. July 6, 2015) (Marra, J.) (collecting cases). The pre-suit provision is consistent with the viewpoint that the amendment is not self-executing, as "the purpose of the FMWA [is to be] an implementing legislation to the Amendment." *Garcia-Celestino v. Ruiz Harvesting, Inc.*, No. 10-cv-542, 2013 WL 3816730, at *17 (M.D. Fla. July 22, 2013). The FMWA does not prevent individuals from enforcing their rights under the Florida Constitution, and "[a]llowing a cause of action to proceed under the Amendment without meeting the notice requirement renders Section 448.110(10) and the FMWA meaningless." *Id.*

The Court is not persuaded by the Plaintiff's fallback position that it complied with the *pre-suit* notice provision by filing *post-suit* Consent forms in this case when the Plaintiff joined the case while it was underway. This argument is facially illogical and finds no basis in law. *See Acosta v. Pino*, No. 11-24046, 2012 U.S. Dist. LEXIS 201545, at *22 (S.D. Fla. May 25, 2012) (Zloch, J.) (holding that the FMWA requires that "before bringing a claim for unpaid wages under the FMWA, a plaintiff must first notify her employer in writing of her intent to file such an action."). The Plaintiff's request in her brief for belated leave to amend to allege that the Consent form was a pre-suit notice is procedurally improper. But the Court finds that amendment would also be substantively futile. As the Defendants point out, even if the post-suit Consent to Sue could be construed as a pre-suit notice, the Consent form did not include the necessary content of a pre-suit notice that is required by the statute. Specifically, the Consent form (ECF No. 59-1) did not include the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, or the total amount of the alleged unpaid wages through the date of the notice. Fla. Stat. § 448.110(6)(a).

### 4. Conclusion

For the reasons set forth above, the Court **grants in part** and **denies in part** the Defendants' motion to dismiss (**ECF No. 107**). In particular, the Court:

1. **Grants** the Defendants' motion to dismiss Counts I, II, III, IV, and V as to Defendants BTs North Inc., Booby Trap, Inc., P.T.G. Entertainment, Inc., B&G Opa Land Holdings, LLC, The Gori Family Limited Partnership, PG Investments I, Inc., and PG Investments II, Inc.
2. **Denies** the Defendants' motion to dismiss to the extent it sought dismissal of Counts I, II, III, IV, or V against Defendants BT's on the River, LLC, Phillip Gori, Gregg Berger, and Does 1 through 10.
3. **Grants** the motion to dismiss Count VI as against all the Defendants.

The Plaintiff has had and exercised an opportunity to amend the complaint, and has not requested leave to amend Counts I-V or indicated in her response to the Defendants' motion any inclination whatsoever to do so. It also appears that any attempt to amend those Counts or Count VI would be futile. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend

his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") Accordingly, the dismissed Counts are dismissed **without prejudice** and **without leave to amend**. The Court also notes that the deadline to amend the pleadings passed on August 14, 2020.

    **Done and ordered**, in Miami, Florida on December 14, 2020.

Robert N. Scola, Jr.
United States District Judge