United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joby Aquino, and others, Plaintiffs, ) | |
| ) | |
| v.   ) | Civil Action No. 20-20090-Civ-Scola |
| ) | |
| BT's On the River, LLC and others, ) | |
| Defendants.   ) | |

## Order

This matter is before the Court upon the Plaintiffs' motion for clarification of the Court's July 21 and October 5, 2020 Orders Compelling Arbitration. (Pls.' Mot., ECF No. 114; Order, ECF No. 88; Order, ECF No. 110.) The Court's prior Orders compelled arbitration pursuant to arbitration agreements between the parties, but the Court first severed from those agreements certain terms purporting to deny the Plaintiffs' "statutory rights under the FLSA to attorneys' fees and costs, as well as the clause providing that each party will pay its own fees and costs in contravention of the FLSA." (ECF No. 110 at 2.) Although the parties have agreed to select a particular arbitrator, they have come to a disagreement over how to divide, if at all, the arbitration fees and costs between commencement of arbitration and a determination as to which party prevails. In other words, the question presented is whether the FLSA's ban on a waiver of prevailing claimants' right to fees and costs also bans claimants from paying *any* arbitration costs at all even if those costs can later be recovered from the losing party. The Plaintiffs ask the Court to clarify that by severing the provision of the arbitration agreement requiring that the costs be divided equally at the end of the case (*i.e.,* a waiver of the prevailing party's right to recover fees and costs), the Court also intended for the Defendants to prepay all of the arbitrators' costs. The Defendants, in their response to the motion, argue that the FLSA only requires that the Plaintiffs recover costs and fees if they prevail; but, they argue, the FLSA does *not* require the Defendants to prepay the Plaintiffs' arbitration fees. (ECF No. 117.) After careful consideration of the motion, the record, and the relevant legal authorities, the Court **grants** the motion for clarification (**ECF No. 114**) and clarifies the Orders compelling arbitration as set forth below.

The Orders compelling arbitration specifically severed from the parties' arbitration agreements the following provision, among others:

> THE COST OF ARBITRATION SHALL BE BORNE EQUALLY BY THE ENTERTAINER AND THE CLUB UNLESS THE ARBITRATOR CONCLUDES THAT A DIFFERENT ALLOCATION IS REQUIRED BY LAW.

*Aquino v. BT's on the River, LLC*, No. 20-20090-CIV, 2020 WL 4194477, at *2 (S.D. Fla. July 21, 2020) (Scola, J.) (quoting ECF No. 33 at 7-8). The Court reasoned that the contractual waivers of "any statutory provisions or case law rulings requiring the other party to pay for an attorney's fees or costs associated with any litigation involving this contract or any arbitration involving the same" "plainly run afoul of the Plaintiffs' statutory rights under the FLSA to attorneys' fees and costs." *Id.* at *3. The issue presented by the instant motion is how to reconcile the FLSA's mandate that the Plaintiffs recover their fees and costs with the requirement at Upchurch Watson White & Max Mediation Group ("UWWM") that the parties pay each arbitrator's $500 hourly fee in advance. Additionally, the Plaintiffs claim that at the $500 rate "it is estimated that the fees and costs associated with arbitration will run in the tens of thousands of dollars for each case." (ECF No. 114 at 4-5 (citing Kristensen Aff., ECF No. 114-1 at ¶10).)

  Arbitration must provide "an adequate and accessible substitute forum in which to resolve the claimants' statutory rights." *Powell v. Carey Int'l, Inc.*, No. 05-21395-CIV, 2007 WL 9705868, at *2 (S.D. Fla. Feb. 5, 2007) (Seitz, J.) (quoting *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001)). The Court acknowledges that *Powell* is distinguishable because, in that case, the defendants agreed to pay for the plaintiffs' arbitration costs in advance. Nevertheless, the analysis set forth in *Powell* is instructive. In determining whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation, *Powell* explains that the district court focuses on the claimants' ability to pay the arbitration fees and costs. *Id.* The Court finds that the Plaintiffs have failed to show that arbitration is unviable or that splitting arbitration costs would run afoul of the FLSA. As a procedural matter, the Plaintiffs made various arguments in opposition to the motions to compel arbitration, but they never raised their concern that arbitration would be prohibitively expensive if they had to prepay costs. This issue could have been, but was not, raised in opposition to any of the *multiple* motions to compel arbitration that were previously filed in this case. As such, the Plaintiffs' new argument, that arbitration costs must be comparable to litigation costs in court, is not properly before the Court. (ECF No. 118 at 8.) Moreover, the one case cited by the Plaintiffs in support of that proposition found that a particular arbitration administrator's rules provided a "favorable cost-allocation

framework," capping an initial filing fee at $150, that did not warrant severing the parties' arbitration agreement in that particular case. *Larsen v. Citibank FSB*, 871 F.3d 1295, 1316 (11th Cir. 2017). This only reinforces the Court's concern that the Plaintiffs provided no evidence of why the parties selected UWWM and thereafter complained that UWWM was unaffordable. *Larsen* did not hold that any portion of arbitration costs must be capped at $150 in every case.

The Eleventh Circuit's decision in *American Family Life Assurance Co. of Columbus v. Hubbard*, is controlling with respect to the Plaintiffs' affidavits submitted for the first time in support of the motion for clarification. 759 F. App'x 899 (11th Cir. 2019). In *Hubbard*, the court:

> [N]ote[d] that we are considering only the arguments the associates made and the evidence they presented in their opposition to the motion compel arbitration and at the hearing on that motion. We do not consider the new evidence and arguments that the associate[s] raised in their motion for reconsideration because, when the district court denied the motion for reconsideration, it did not consider the associates' new arguments and evidence on the ground that *the associates could have submitted the evidence and raised the arguments in opposition to Aflac's motion to compel. See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (holding that when "a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion").

*Id.* at 903 (emphasis added). Thus, the declarations of Plaintiffs Paige Hewett and Krystal Penney, in which they state, for the first time, that they cannot afford arbitration, are not properly before the Court. (Hewett Decl., ECF No. 114-2; Penney Decl., ECF No. 114-3.) That portion of the motion for clarification that relies on new evidence that was not previously in the record is plainly an attempt at reconsideration of the prior Orders compelling arbitration. *Hubbard* was decided in precisely the same context and held that new evidence as to the Plaintiffs' ability to afford arbitration should not be considered absent some showing that it was not available during the pendency of the motions to compel arbitration, and no such showing was made here.

Moreover, in the instant motion for clarification, counsel to the Plaintiffs provides no explanation for his estimate that the arbitration costs will "run in the tens of thousands of dollars for each case." (ECF No. 114-1 at ¶10.) As a

result, the Court cannot evaluate the Plaintiffs' position that arbitration is unaffordable. There is insufficient record evidence to show that any other arbitration administrator would not be affordable or even that this arbitration administrator, UWWM, would not be affordable. *See Powell v. Carey Int'l, Inc.*, No. 05-21395-CIV, 2007 WL 9705868, at *2 (S.D. Fla. Feb. 5, 2007) (Seitz, J.) ("[B]ecause the Court does not know what the actual fees should be . . . , the Court cannot make a determination regarding the Plaintiffs' ability to pay such fees."). The issue of prepayment was not raised in the underlying motion to compel arbitration briefing and it has not been adequately supported by evidence in the instant motion for clarification.

  The Plaintiffs' argument also fails as a substantive matter. The Court agrees that the arbitration agreements' provision requiring costs to be split irrespective of which party prevails runs afoul of the FLSA. That was the basis of the Court's decision to sever that provision from the agreements. But the Plaintiffs now present a separate issue. They complain that UWWM's internal procedures require (1) advance payment; (2) a rate of $500 per hour; and (3) that the parties to arbitration split that cost. However, they fail to address the effect of their "agree[ment] to submit their disputes to binding arbitration . . . administered by [UWWM]." (ECF No. 114 at 3.) They chose UWWM. They also address whether their "agree[ment]" to have "individual arbitration for each claimant" may have multiplied the costs about which they now complain. (*Id.* at 3-4.) In sum, after being compelled to arbitrate, the Plaintiffs, who are represented by counsel, appear to now be complaining that they picked an arbitration service that they cannot afford. Additionally, in *Powell*, the court noted that the plaintiffs did not petition the arbitration administrator to reduce or defer the fees associated with their claims. *Id.* at n.6. Here, the Plaintiffs made no indication as to whether they petitioned UWWM to reduce or defer the fees, or whether the Plaintiffs needed to agree on individual arbitration for each claimant.

  Finally, for the Court to adopt the Plaintiffs' position it must first find that the FLSA entitles Plaintiffs to arbitrate for free. The Plaintiffs have provided no authority for that proposition and the Court is not aware of any. In opposing the motion to compel arbitration, the Plaintiffs made a specific argument, which was that the arbitration agreements "denie[d] basic statutory rights under the FLSA to guaranteed attorneys' fees and costs **if she prevails**." (ECF No. 33 at 7 (emphasis added).) That argument remains sound. As the Court explained in the orders compelling arbitration, *Hudson v. P.I.P., Inc.*, 793 F. App'x 935 (11th Cir. 2019), forbids enforcement of a waiver of a fees and costs award in FLSA cases. The FLSA does indeed guarantee attorneys' fees and costs to the Plaintiffs if they prevail. However, neither the FLSA nor

*Hudson* goes a step further to require that all FLSA defendants completely subsidize the costs of arbitration at the outset. The cost-shifting provision of the arbitration agreement remains severed. However, UWWM's cost-sharing terms of arbitration were voluntarily selected by the Plaintiffs and do not violate the FLSA's mandate that the Plaintiffs be permitted to recover those costs if they prevail at the end of the case. That is because prepayment of costs has no bearing on whether the Plaintiffs will be able to recover those costs if they prevail.

**Done and ordered**, at Miami, Florida, on January 11, 2021.

_____
Robert N. Scola, Jr.
United States District Judge